UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KRISTIN S. HILL, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | No. 1:16-cv-00916-JMS-DKL |
| ) | |
| BAYSIDE WOODS, HOA INC., ) | |
| COMMUNITY ASSOCIATION SERVICES ) | |
| OF INDIANA, ) | |
| PAYLEASE WEB, ) | |
| EADS, MURRAY AND PUGH PC, ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

On March 27, 2017, Plaintiff Kristin S. Hill filed a Motion for Leave to Proceed In Forma Pauperis on Appeal, [Filing No. 81], and a Docketing Statement, [Filing No. 82]. Ms. Hill points out that in her previously filed Motion for Extension of Time to File a Notice of Appeal, she alternatively asked that the motion be deemed a notice of appeal if her extension request was denied. [Filing No. 81 at 1-2.] Local Rule 7-1 provides that "[m]otions must be filed separately" and that alternative motions may only be filed as a single document "if each is named in the title." Ms. Hill's filing did not comply with this rule. [Filing No. 79 (titled "Appellant's Motion for Extension of Time to File Notice of Appeal").] The Court denied Ms. Hill's extension request but did not acknowledge her alternate request that her motion be deemed a notice of appeal if it was denied. [Filing No. 80.]

The timely filing of a notice of appeal is both "mandatory and jurisdictional," and a notice filed too late will preclude appellate jurisdiction. *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 994 (7th Cir. 2000). Ultimately, the Seventh Circuit Court of Appeals determines the

sufficiency and timeliness of a notice of appeal. *Id.* at 994-95.  Because Ms. Hill's Motion for Extension of Time to File Notice of Appeal indicated her intent that it serve as a notice of appeal if the Court denied her extension request, the Court **DIRECTS** the Clerk to re-docket the motion as a Notice of Appeal, [Filing No. 79], and initiate the appellate process.

Ms. Hill proceeded *in forma pauperis* before this Court, [Filing No. 5], and now seeks leave to proceed on appeal without prepayment of the appellate fees of $505.00, [Filing No. 81]. An appeal may not be taken *in forma pauperis* if this Court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915; *see Coppedge v. United States*, 369 U.S. 438 (1962).  "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard.  *See id.* There is no objectively reasonable argument Ms. Hill could present to argue that the disposition of this action was erroneous.  In pursuing an appeal, therefore, the petitioner "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).  Accordingly, because Ms. Hill's appeal is not taken in good faith, her request to proceed *in forma pauperis* on appeal is **DENIED**.  [Filing No. 81.]

Date:  March 28, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

KRISTIN S. HILL
6412 Bay Vista Court
Indianapolis, IN 46250

**Distribution via CM/ECF:**

John W. Richards
BUNGER & ROBERTSON
jwr@lawbr.com

2

Nicholas Ward Levi
KIGHTLINGER & GRAY
nlevi@k-glaw.com

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com

Michael E. Brown
KIGHTLINGER & GRAY LLP
mbrown@k-glaw.com

Thomas R. Schultz
SCHULTZ & POGUE LLP
tschultz@schultzpoguelaw.com

Jonathan Lawrence Bucher, Jr.
SCHULTZ & POGUE, LLP
jbucher@schultzpoguelaw.com